The first case is Casey Cottingham, 2022-1737. Mr. Downing. Yes, Your Honor. Your Honors, good morning. My name is Andrew Downing. I'm representing the petitioner appellant Casey Cottingham in connection with a vaccine claim that has taken a very long time. As much as I enjoy appearing. You've had five decisions. Yes, yes. As much as I enjoy appearing before this court, I don't enjoy necessarily having to appear on the same issue twice, but that's where we are. Back in August of 2020, this court issued its decision in this case reversing Special Master Moran's denial of attorney's fees. The court performed a detailed review of the evidence, gave an extensive and thorough commentary on the reasonable basis standard and the evidence specifically in this case supporting reasonable basis. Counsel, as you state, reasonable basis is the issue. And with respect to latency period, this vaccine for these assertive symptoms has latency periods of 15 months and 15 days, whereas here it is four months. And so why doesn't that justify determining a special master? Your Honor, the latency period varies from disease to disease. Minutes to hours for anaphylaxis. Days to weeks for other autoimmune type of injuries like Guillain-Barre syndrome, thrombocytopenia, other types of autoimmune processes that this vaccine program deals with on a regular basis. Autonomic dysfunction, which is what Ms. Cottingham has, is a different animal altogether. I was going to touch on the latency later, but I think, Your Honor, at appendix... symptoms associated with autonomic dysfunction. Special Master Moran relies on the product monograph, where they only measure the manifestation of the symptom to that endpoint. It doesn't mean that those symptoms cannot and do not manifest well after that. And I would refer Your Honors to appendix page 285, which is the Keneshita article. Special Master Moran had that article at the time he wrote his decision. And about the third line in the abstract, they discuss, because they tested for these specific injuries and found the median onset range to be five months in confirmed cases. So this is not an unreasonable latency period between initiation of a vaccine and an immune response and manifestation of symptoms. This is probably, not probably, it is the most novel vaccine in the program right now. And the research on this vaccine in terms of injuries caused and latency periods is still developing. But the paper and the one I just referenced, the Keneshita article, came out in 2014. That's what we had at the time we filed Casey Cottingham's case in 2015. We didn't have the cases that Special Master Moran cites to in trying to tear down the literature. We didn't have those cases then. Those cases were decided in 2020. In 2015, the evidence will show through the medical literature that we submitted and the other issues that this court has already addressed, which I want to touch on, that that type of onset time frame was well accepted by the medical community at that point in time and still is today. So I think that Special Master Moran wants to use other onset time frames and apply them to this particular case, which is why we filed the medical literature in the first place. Your Honors, we still have, nothing in this case has changed since the last time, and I believe Judge Rayna and Judge Hughes, you were on our panel last time. Nothing has changed since you guys looked at the evidence the last time. We still have an under oath attestation from this individual. We're not you guys, counsel. What's that? We're not you guys. Well, I apologize, Your Honor. That was slang. I apologize for that. We still have the under oath testimony from the witness with personal knowledge as to symptom onset. What's different in this case is that the Special Master did consider the evidence that he didn't the first time. Well, he went to great lengths, 83 pages of attestation. When you say nothing is different, that's not entirely correct. Here we have the Special Master that reviewed the evidence that he said he did not review last time, and that's why he erred the last time. Your Honor, I think that is a true statement, and I think it's worse than the last time we were here because what Special Master Moran did holds a petitioner in the vaccine program far too high of a burden to look at. And I think that's where right now this case lies. So let's talk a little bit about the burden. When we're dealing with reasonable basis, when we're looking at reasonable basis as a standard within the Vaccine Act and we're looking at it solely through the lens of attorney's fees, what is it we're trying to show a reasonable basis? Is it feasibility or is it a likelihood of success? It definitely is not a likelihood of success. Feasibility has been the word that has been traditionally used just that the case was feasible, not that there is a likelihood of success. And I think, Your Honor, I spent a lot of time in this on my brief, but the Court of Federal Claims recently addressed this exact issue with this exact Special Master doing the exact same thing that he did to another petitioner that he's done here. It's the Wertschafter case. It is 155 Federal Claims 665. And, Your Honors, in that instance on review, this is the language, and I think that what the Court of Federal Claims looks at traditionally is you just have to show some evidence. That's a tough word to define in terms of a legal standard, but some evidence is what is required to be shown. And in Wertschafter, when the Court looked at what Special Master Moran did, the Court stated in the instant case, despite expressly acknowledging that Ms. Wertschafter's medical records, quote, provide some facial support, end quote, for her claim, the Special Master inexplicably determined that Ms. Wertschafter did not present evidence sufficient to meet the reasonable basis standard in reliance upon what the Court can characterize as nothing more than a merits decision on the compensation claim itself. That is exactly what happened here. I mean, I thought here he found no sufficient evidence of causation. I mean, he wrote a very detailed opinion. You seem to take him to task for writing 82 pages. I mean, I think it shows that he's being very careful here because he's had to look at this so many different times that he went through in detail and explained why there's no reasonable basis in this case. I mean, that's a factual question, right? Reasonable basis? To an extent. What do you mean to an extent? Well, it is a factual discretionary determination that when you extend that burden too far, it is not only contrary to law, but it's an abuse of that discretion. Well, where in his opinion do you think he didn't apply a reasonable basis test? Let me start with some of the language in this decision that I think completely controverts the reasonable basis standard. At page 219 of the appendix, Special Master Moran specifically states, quote, the Federal Circuit saw the present case as one in which Ms. Cottingham had presented some evidence of reasonable basis. End quote. That's it. That's the standard. We presented some evidence to satisfy it. But it does go on. I can give additional evidence. Well, you can give that, but that's a characterization of our opinion. And if you look at our opinion, we explicitly said we're making no findings whatsoever on a reasonable basis, that that's a factual finding for the Special Master. So the fact that he looked at our opinion that way doesn't provide any evidence that he's applying the wrong standard. No, it doesn't in and of itself. But then whenever he continues, and he quotes the exact same evidence that Your Honors considered in the previous opinion at appendix 247, he finds that Ms. Cottingham's medical records showing her injuries post-vaccination constitute some evidence consistent with a finding of causation. That's Special Master Moran's findings in this case. At page 260 of the appendix, Special Master Moran acknowledged that the product insert constitutes some evidence consistent with causation of her injuries. So he's made specific findings, once again, in this case, detailing the evidence that supports reasonable basis, and then... So your view is basically any evidence is sufficient for a reasonable basis. I don't think you could put it that way, Your Honor, because obviously there has to be some showing by a petitioner of objective evidence that would make the claim feasible, which is exactly what we have done in this case. Well, he disagreed with you, though. Well, he did. And that's a factual finding that you have to show clear error in. I agree. I think – well, on the discretionary findings, yes. I have to be able to show that he abused his discretion in making those. Or is he failing to apply the proper standard to a reasonable basis analysis? If that's the case, that is contrary to law because the reasonable basis analysis and the causation assessment, which is what he did in this decision... I'm a little confused about what you're trying to say because reasonable basis is the test. Are you saying there's some further articulation of the test? Or it's just this is a discretionary decision. The special master looks at the evidence presented in the claim and determines whether it initially presented a reasonable basis or not. That's it. Reasonable basis is the test, and he finds there's no reasonable basis here because there was insufficient evidence of causation. What's the clear error of using discretion in that? The clear error, Your Honor, is there cannot be a reasonable basis test where each and every piece of evidence is strictly over the top, evaluated, and tried to bring down. I really do not understand this point. I mean, it sounds to me like there's a thread throughout your briefing and even your argument here today that somehow Special Master Moran is biased against you or is treating you unfairly. I mean, you have a sentence in your brief that says clearly he took his multiple reversals personally. What's your basis for that? I mean, you don't do yourself any favors by attacking the credibility and good faith of the special master. Your Honor, the point here is this is not the first time that this has happened. It happens over and over again with Special Master Moran. It's happened in this case. It happened in work chapter. It's the exact same problem. Well, if it happened in this case and you think it's a problem, why didn't you seek his recusal? If you think he's biased against you in this case, you could have sought his recusal from the court of federal claims. I did not say he was biased against me in this case. I said that he… Well, you just said it happens over and over again, insinuating that he's not performing his duty fairly. Your Honor, the point of that is – so let's use Cottingham's original appeal before this court and the case that came out. I think you're way overreading our original opinion in this case. All we said is he said there was no evidence at all, and we looked at the record and said, well, there's evidence right here. You need to consider it. We didn't say anything about whether that was sufficient evidence, whether it provided a reasonable basis. I mean, we specifically say, to be clear, we make no determination on the weight of the objective evidence because that's the special master's job, and isn't that what he did here? He looked at the entire record, very carefully explained why the weight of that evidence didn't establish a reasonable basis, and now you're asking us to second-guess that. Your Honor, I do not overread the original Cottingham opinion from this court. What happened here is, of course, Your Honors went through the evidence, talked about the evidence. Of course, at the end of the opinion, it's qualified that you're not making any specific rulings in terms of reasonable basis, but your opinion identifies multiple elements of evidence that would support reasonable basis. So did Special Master Moran. And the whole argument that we're here for today— That would potentially support it, but had to make a determination of whether it actually was a reasonable basis. If you're saying, as soon as you identify a piece of evidence that potentially might support a reasonable basis, that automatically makes it a reasonable basis, that's no standard whatsoever. No, and I would agree with that. But what we're saying here is, for example, when you have an under oath witness statement, is that objective evidence that can support reasonable basis? Of course. If the medical chart corroborates what the under oath attestation says, is that reasonable basis? Possibly. When you have the product monograph that specifically— The possibly not. That is true, but— The possibly not is what he ultimately found here. Sorry, I've eaten through all of your rebuttal time. I don't—you can finish if you want. Okay. Your Honor, let me just close with the fact that there's two things to take away from this. The way the Court of Federal Claims addressed this exact issue in Wertschafter is how it should be addressed. You cannot say with facts like this that there is not some evidence, especially when the special master in the decision says this is some evidence that would tend to support causation. Counsel, you said two things. What's the second? The second thing, Your Honor, is if the reasonable basis standard is applied in this fashion in the vaccine program, you lose the original intent of the act, which is to make certain that victims have access to competent counsel. The way reasonable basis is being applied in the vaccine program is already having a chilling effect on lawyers being willing to take these cases that are close call cases because they can't get paid. Thank you, Counsel. I'll give you two minutes for rebuttal. Thank you, Your Honor. Mr. Johnson? Thank you, Your Honor. Good morning. May it please the Court. The special master did what the Court asked him to do on remand. The Court sent the case back to him with specific instructions to analyze the evidence that he had not addressed in his original opinion and to make a determination whether there was a reasonable basis based on that evidence. What do you make of his argument that in his final opinion, the special master acknowledged that there's some evidence of causation and pointing to these things? Why isn't the fact that there's some evidence enough for a reasonable basis? So later in the special master's decision, and this is beginning on page appendix 260, the special master goes through each of the symptoms and each of the injuries that Ms. Cottingham is alleging, and he analyzes the evidence with respect to that specific injury or symptom and makes a determination as to whether there is a reasonable basis based on that evidence. What he found was that with respect to syncope or fainting and to headaches, that the product insert provides more than a scintilla of evidence to support causation for those two specific symptoms. But he then went on to explain that because of the four-month latency between the vaccination and the onset of those symptoms, in this case, I mean, at best four months, for the fainting it's actually longer, but that given that latency, the product insert doesn't really provide any support for petitioner's claim because based on the product insert, the only time frame for which there is evidence to support some basis for causation is 15 minutes for fainting and 15 minutes for headaches. And you would say, I guess, that that's a question of fact. That is absolutely a question of fact, Your Honor. My concern is not whether the special master reviewed the evidence or not. My concern is what's the standard that he used to reach reasonable basis? Is it likelihood of success? And if that's the case, then don't we have a situation where, not just in this case, but in the Vaccine Act, if in order to qualify or receive attorney's fees, you have to show a reasonable basis, and that reasonable basis, a standard for that is likelihood of success, which is a standard for the merits. So do you have to prove your case, your Vaccine Act case, along the timeline of a lawsuit? Do you have to prove it every time? Answer that question. I believe if I understand your question, the special master made it clear throughout his decision that he was not requiring petitioner to submit preponderant evidence in order to establish a reasonable basis. The special master applied the standard that this court handed down in both Cottingham and James Cornelius, in which it said that reasonable basis is more than a mere scintilla, but less than a preponderance. Was he requiring a likelihood of success? I don't believe he was, and I think he makes that clear throughout his decision, that he is looking for evidence that falls, as Judge Dietz characterized it, within a range. But if he was, if he was setting that standard or looking at this case to do that study, that would be error, right? If the special master had required evidence that would be sufficient to prove the merits of the claim in a reasonable basis analysis, that would be error. But we submit that's not what he did here. He acknowledged that, and no one's arguing that the evidence in this case was sufficient to surpass the preponderance threshold. Ms. Cottingham withdrew her claim a year after it was filed before any decision on the merits had even been made. So I don't think there's an argument here that the evidence surpasses the preponderance level. But even so, the special master acknowledged that that's not the standard for reasonable basis. It is a case that you can lose your case, your vaccine case, down the line, but you're entitled to attorney fees along the continuum of the case, right? Yes, Your Honor, and that happens in the vast majority of cases. There are very few cases in which the government actually asserts a reasonable basis objection. It is in those cases where there is a clear failure of evidence as to one element of the claim as set forth in Section 11C. And that was the standard that this court handed down in Cottingham. It said that reasonable basis requires  of objective evidence addressing each of the elements in Section 11C of the act. And so that is the standard and the framework that the special master- So is your view, and I think this is the way the special master looked at this, is there is evidence suggesting that the vaccination could cause these symptoms. And so there's some evidence on that point. The problem here is that the latency period was so long that it was unexplained and therefore there was no evidence whatsoever connecting the two, the vaccination with the injuries because of the significant latency period. Correct, exactly what you said, that the fact that the product insert lists those two symptoms as symptoms for which there's some basis in science to believe that the vaccine can cause them,  with respect to those two symptoms. But as he acknowledges, and as Judge Dietz found, this court standard doesn't require a reasonable basis automatically upon a finding of more than a mericentilla. That there's then a range within, the special master could still find that the evidence doesn't rise to a level of reasonable basis. And that was the issue here, is that- So if she had reported these symptoms as occurring within two days after the vaccination, we wouldn't be here, right? We would not be here. And presumably if she had reported these symptoms occurring two years after the vaccination, we wouldn't be here either for the other way because there seems to be no suggestion that it would be that big of a gap. Right, and I think even Mr. Downing, when we had oral argument in front of the special master after the remand, acknowledged that he would not file a case where the onset of symptoms was two or three years post-vaccination. So we are, he's getting closer at four months, but again, this is a discretionary decision by the special master to decide whether in his view that establishes a reasonable basis for bringing the claim. So we believe that the sole issue before the court, we submit that the special master applied the standard that this court handed down. We submit that the only issue for this court's decision at this point is to determine whether his weighing of the evidence was rational. Is there some specific articulation of, you know, because the statute just says reasonable basis. Is there some other specific articulation that any courts have provided or is it just this, because that's what the statute said and it's a factual question that's left up to the special master. I mean, we struggle a little bit with this because it does seem that it's a fairly loose term and if you give the special master discretion, then where are the bounds of that discretion? And I'll be honest with you. I think both the special master and Judge Dietz struggled with that in this case and the special master even says at one point in the decision, you know, an appellate court could set the bounds closer to preponderance or closer to more than a mere scintilla, but absent that guidance at this point, that's the range that the special masters have to work within. I mean, have you all thought about this, Justice, about what the proper articulation of the burden should be? I've given, I mean, we have, obviously, and the, you know, reasonable basis seems to be a fairly unique provision. It's not used in other fee-shifting statutes that we've been able to find. And again, we submit that the court standard as articulated in Cottingham and James Cornelius is sufficient at this point that the special master here applied that standard, but if the court were inclined to provide some more guidance, the formulation that the court has used more than a scintilla but less than a preponderance has been, similar language has been used when courts have discussed a substantial evidence standard. Judge Reyna, in fact, you issued an opinion a few years ago. This is Henry AT&T Intellectual Properties, 856 F3rd 991, in which you wrote, substantial evidence is more than a mere scintilla. It is evidence that a reasonable mind might accept is adequate to support a conclusion. Courts in other jurisdictions have also defined substantial evidence the same way this court framed the Vaccine Act's reasonable basis standard. It's a little, I understand where you're going with that because the language is the same, but I struggle with the notion that Congress intended a substantial evidence standard to apply here because that was really well-known, and if they had meant substantial evidence to support a fee, I think they would have said that. So it seems to me that it must be, given the policy goals of, you know, inviting in good counsel to represent these cases, that it has to be somewhat less than the substantial evidence standard, I would think. But so you're not aware of it because I know there are other automatic fee-shifting statutes out there. I think, like, for, you know, when you bring, I don't know what the statute is, but when you bring cases on behalf of children with disabilities when the school system is not fulfilling their needs, there's, I believe, an automatic fee-shifting statute there. I don't know if you're familiar with that or if that is automatic or if it has an L, just like the reasonable basis one here. I can check into that. I'm not familiar with that particular statute. I know most of the fee-shifting statutes where the government is involved requires a party to substantially prevail. Well, sure. So that's different. But EJA is a much higher burden. I mean, EJA, you don't get fees against the government unless you can show... I mean, if the government can show that they were substantially justified. So it's really hard to get fees sometimes in those cases, where this is clearly meant to be the other way. It's to be a very low burden, but not, you know, a zero burden. That's our view. I mean, we think that there has to be some meaning to the term reasonable basis. And while Congress did intend for the fee-shifting provision in the Act to provide for competent counsel for petitioners, you know, as the Special Master pointed out, this Court has denied it in Pereira and found that fees weren't available there. So there are obviously cases where finding that there is no reasonable basis is appropriate. And we would submit that this is one such case. Well, one thing we can all agree on is that reasonable basis does not mean you have to prove your case at the following event. Right? So you may be wrong. A petitioner may be incorrect in how to see certain evidence, lack of latency, and say, well, it's not clear here. It could be a month. It could be two weeks. But as long as there's that evaluation and that's a reasonable evaluation, then the case goes on in terms of the attorney fees. Correct. We are not arguing that every case in which a petitioner fails to prove the merits, they should be denied fees. That's not what the statute says and that we would never take that position. And again, we don't bring reasonable basis objections in very many cases. We try to limit them to those cases in which there is a clear failure of proof in one aspect of a petitioner's case. So when we hear on this bench, if we're talking about the sufficiency of the latency period, so there is enough or not, that's really not an issue, is it? And not for us. That's a facts commission that's already been determined. The question is whether the special master's decision as to that particular point is reasonable or not. And that's based on whether the reasonableness is based on feasibility. Correct. And that was a factual determination for the special master to make whether the four-month latency in this case was too remote in time to be able to confer a reasonable basis for the claim and the petition. He decided it wasn't. Other special masters may have disagreed. You mean he decided it was too remote? He decided it was too remote. And that's the linchpin for his opinion. And for us to reverse, we would have to find that that was either an abuse. I'm a little confused. Is that a factual finding? Yes. So then that's a clear error review. Correct. So we would have to find clear error in the determination that four months is too remote. Yes, that there is no rational basis for his determination that four months is too long. Unless the court has further questions, we would ask the court to affirm the special master's decision. Thank you, counsel. Mr. Browning, you have two minutes for a vote. Thank you, Your Honor. I appreciate you giving me just a little bit of extra time there. So just very briefly, I think, Judge Rainey, your questions with regards to feasibility versus likelihood of success go to the heart of what, at least in part, our appeal has to deal with here. Originally, reasonable basis was evaluated as a scintilla, a scintilla of evidence, which means a spark of evidence, and I'm not sure how that helps us establish what the threshold is, but it's very small. Here, Special Master Moran applied the Alton prongs to reasonable basis. He looked at Alton prong one. Can vaccination do this, and has there been evidence submitted? He applied the prongs on causation in determining whether reasonable basis exists. That is error. It's not a causation test. It's just not. All you have to do, again, is show feasibility with some evidence, and when Special Master Moran finds… So what are we talking about? The strength of a litigation theory or the sufficiency of petitioners' belief that they have a case? Those are factors. I mean, I think the program still applies the totality of the circumstances. I'm a little confused when you say it's error to look at the Alton factors. You don't have to meet burdens of proof on the Alton factors, but you have to come forth with at least some evidence to show that you would meet them because that's what you need to prove your claim. So how would you determine if you had a reasonable basis to meet that without looking at those factors? You can look at them, Your Honor. My point was he applied them. His opinion… Well, we can read his opinion and decide for ourselves whether he's doing what you think he's doing or whether he's doing what the Court of Federal Claims seemed to think, which was applying the right reasonable basis standard and looking at whether there was sufficient evidence to form a reasonable basis on causation. So let me just ask you this. If he makes… And we don't have the quibble about what it says. We can read the decision ourselves. If he made the factual finding that even though this vaccine can cause the identified injuries here, there's no reasonable basis to conclude or there's no evidence to suggest that it would happen four months after the vaccine. If he makes that factual finding and says you have submitted not a scintilla of evidence that it would occur four months, it's too late. That's a factual finding that we review for clear error, right? Correct. In total. Right. And what's wrong with that factual finding here? Why is it clear error? As I indicated earlier, one of the reasons on latency was that we submitted the medical literature in existence at the time. Special Master Moran… Not with your claim though, right? We cited it, and then we submitted it when we had to have our oral argument with Special Master Moran on remand. We submitted them to him for review. But not with the original… We didn't file a petition. Right. Isn't that what we look at for a reasonable basis, what you filed with the petition? Well, as I said… Not what you supplement the record with much later? That is partially true. As I said, we referenced them throughout this, even our original… In the petition. You're not being very direct about this. Did you submit any of this medical literature with the petition? I thought with the petition, you submitted her medical records, the Gardasil insert, and her description of the onset of the symptoms, and nothing else. I think that is true, Your Honor. I'm not sure we submitted the medical literature until our first motion for fees in the case. Well, why is that good enough? I mean, don't you look at the filing of the petition to see whether it had a reasonable basis? And there, all you have is her medical records, nothing that suggests that a form of latency period is good enough. Your Honor, as I said, to litigate reasonable basis, there is a separate motion for compensation. I understand that, but am I wrong? Don't you look at what you submitted in the petition originally? When the government brings an objection at the outset and says there's no reasonable basis for this petition,  Correct, in part. I mean, on a motion for fees, the filing party is not solely bound to the evidence from the petition. There are multiple items that get submitted during a motion for fees that weren't in the petition originally, not the least of which is the invoice from counsel. But if experts haven't testified, we may submit CVs from them to support it. I just want to touch very quickly on the latency thing because I know that that's an issue that Special Master Marines seem to come back to multiple times. Very quickly, counsel, you have plenty of time. I just want to refer the Court again to Appendix 285 because not only is a five-month latency period average for this disease process, but the very first two things that are noted after that five-month period is frequent manifestation include headaches, fatigue, limb pain, weakness, and it goes on to list symptoms. It's the same symptoms in this case. Thank you, counsel. Thank you, Your Honor. Those arguments are submitted.